UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| STEPHEN ARPAIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVIG LLC DBA BALANCE OF NATURE,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................................2
II.    SUMMARY OF ACTION...................................................................................................5
III.   PARTIES .............................................................................................................................6
IV.    JURISDICTION AND VENUE ..........................................................................................6
V.     FACTUAL BACKGROUND..............................................................................................7
VI.    CLAIMS ..............................................................................................................................9
       A.  BREACH OF CONTRACT.........................................................................................9
VII.   CLASS ALLEGATIONS ..................................................................................................10
VIII.  JURY DEMAND ...............................................................................................................12
IX.    PRAYER............................................................................................................................12

Plaintiff Stephen Arpaia ("Arpaia" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint (the "Complaint") against Defendant against Evig LLC dba Balance of Nature ("Balance of Nature").  For his Class Action Complaint, Arpaia alleges as follows:[1]

**INTRODUCTION**

Balance of Nature sells, distributes and promotes three different "Dietary Supplements" under the brand name of Balance of Nature: (1) Whole Food Fiber & Spice, a powder, (2) Whole Produce Fruits, capsules, and (3) Whole Produce Veggies, capsules (the "Adulterated Products").

Balance of Nature manufactures, prepares, processes, packs, holds, and/or distributes Balance of Nature's Adulterated Products.

On October 11, 2023, the United States of America acting under the authority of the Food and Drug Administration ("FDA") filed a complaint against Balance of Nature seeking a permanent injunction to stop the sale of the Defendant's Adulterated Products. The Permanent Injunction was entered by the Court on November 15, 2023.  Contemporaneously, Balance of Nature entered into a Consent Decree with the FDA where Balance of Nature along with the manufacturing company, Premium Productions, LLC, under whose direction and control packaged and produced the Adulterated Product, stipulated to certain affirmative actions Defendant needed to take before operations could resume, including the recall of any products and the destruction of any products, including the Adulterated Products.  On  November 21, 2023, the FDA provided a letter to Defendant that Balance of Nature could "resume" manufacturing and sales of the Adulterated Products.

During September 2023 through November 2023, Arpaia viewed numerous television commercials promoting Defendant's Adulterated Products.  The positive messaging and testimonials regarding the quality of the Adulterated Products in the commercials resonated with Arpaia who, like members of the Class, believed that Balance of Nature products were high quality dietary supplements which would increase the amount of fruits, vegetables and fiber in his diet which were scientifically

---

[1] Allegations concerning Arpaia are based upon Arpaia's personal knowledge.

produced with "Real Science" under rigorous advanced process using scientific standards and inspections.

The Defendant's commercials directed consumers to BalanceofNature.com, the website of the Defendant, where Arpaia and members of the Class could order the Adulterated Products.

On Defendant's website, BalanceOfNature.com, Defendant displays a picture of the Adulterated Product bottles and explicitly states that the manufacturing date of each bottle is placed on the bottom of the bottle as seen in the image below:



In addition to the "Manufacture date" image, Arpaia and the Class saw the following pervasive and prominently displayed statements displayed on the homepage:
- Defendant's products are produced using an "advanced…process";
- A picture of the product bottles with the statement on the bottle itself that Defendants products are produced as a product of "Real Science";

- "We strive to provide the highest quality products available."
- "Balance of Nature contains the highest quality ingredients you can find."
- "We have very stringent standards";

Based on these statements, Arpaia opened an account at BalanceofNature.com and purchased the Balance of Nature "Fruits" and Balance of Nature "Veggies." The purchase of Defendant's Adulterated Products is governed by the Defendant's Terms of Service (the "Agreement").

Defendant's Terms of Service are governed by Utah law.[2]

Defendant's Terms of Service apply to Arpaia and the Class who purchased Adulterated Products through Defendant's website.

Defendant's Terms of Service expressly state: "The Service and all products and services delivered to you through the Service are **(except as expressly stated by us)** provided 'as is' and 'as available' for your use, without any representation, warranties or conditions of any kind, either express or implied, including all implied warranties or conditions of merchantability, merchantable quality, fitness for a particular purpose, durability, title, and non-infringement." (Emphasis added).

The phrase "except as stated by us" is unambiguous in its meaning and incorporates the following express statements by Defendant to Arpaia and the Class prominently made on Defendant's website to Arpaia and the Class:

- "We guarantee to provide the highest quality whole food supplements available."
- In addition, under a section entitled "Balance of Nature Guarantee", Defendant unequivocaly repeats this "Guarantee" stating: "We guarantee to provide the highest quality whole food supplements available[.]"

Arpaia and the Class have since learned that Defendant breached the Agreement by selling Arpaia and the Class adulterated products as outlined in a Complaint by the United States of America and The Food and Drug Administration against the Defendant. By definition, adulterated products which cannot be sold, should have been recalled and destroyed according to the Consent Decree

---

[2] "SECTION 23 - GOVERNING LAW" of the Terms states: "These Terms of Service and any separate agreements whereby we provide you Services shall be governed by and construed in accordance with the laws of Utah, United States." There is no venue specified.

Defendant entered into with the FDA for violating federal laws and regulations regarding the safe manufacture, production and distribution of dietary supplements.  Therefore, any of Defendant's Adulterated Products – including those purchased by the Arpaia and the Class which have a manufacturing date before November 21, 2023 - cannot be "the highest quality whole food supplements available."

As a result of Defendant's breach, Arpaia was overcharged by Defendant $94.90.

**SUMMARY OF ACTION**

In short, Defendants distributed and sold Adulterated Products to Arpaia and the Class despite agreeing to a Consent Decree which dictated that Defendants recall and destroy any Adulterated Products.  Defendant was not authorized to sell any of its dietary supplements until November 21, 2023.  Any products sold by Defendant with a manufacture date prior to November 21, 2023 are Adulterated Products.

This conduct constitutes a breach of Defendant's Agreement with Arpaia and a breach of the implied covenant of good faith and fair dealing.

Arpaia brings this action seeking relief for Balance of Nature's misconduct on behalf of himself and a class consisting of:

> All persons or entities located within the United States who purchased Defendant's Products and received a Product with a manufacture date prior to November 21, 2023 at any time until the day the Court certifies this action as a class action (the "Class").  Excluded from the Class are Evig, and its affiliates, officers, and directors.  Also excluded from the Class are the members of the judiciary and their staff to whom this action is assigned.

For himself and the Class, Arpaia seeks (a) a declaration that Balance of Nature breached its contractual obligations to Class Members, (b) actual damages to fully compensate for losses sustained as a direct, proximate, and/or producing cause of Balance of Nature's breaches and unlawful conduct, (c) restitution and disgorgement of all monies Balance of Nature derived from Class members through the misconduct described herein, (d) pre-judgment and post-judgment interest, (e) attorneys' fees,  (f)

injunctive relief to ensure that the misconduct described herein finally ends, without the threat of it reoccurring in the future, and (g) any such other and further relief as the Court deems just and proper.

**PARTIES**

Plaintiff Arpaia is an individual who resides in Boca Raton, Palm Beach County, Florida. Arpaia opened a Balance of Nature account on or about November 19, 2023 for the purpose purchasing Defendant's products "Fruits" and "Veggies." Arpaia did purchase such products and Defendant collected payment for such products. Arpaia incurred losses and has been injured by the actions of Balance of Nature described herein.

Defendant Evig LLC dba Balance of Nature is a limited liability company incorporated in Nevada and in Utah as a foreign limited liability company with its principal place of business at 1568 S River Rd., St.200, St. George, UT 84790 ("Defendants' Establishment"). Defendant can be served with process through its registered agent, LEX HOWARD, who is located at 1568 SOUTH RIVER ROAD, ST. GEORGE, UT 84790.

**JURISDICTION AND VENUE**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). If a class is certified in this action, the amount in controversy will exceed $5,000,000.00, exclusive of interest and costs, and this is a class action in which at least one member of the Class is a citizen of a state different from any defendant. Although Balance of Nature is located in Utah, the principal injuries resulting from Defendant's conduct have been incurred throughout the United States where Class members are located. On information and belief, greater than two-thirds of the members of the proposed Class are citizens of states other than Utah.

This Court has general jurisdiction over Balance of Nature. Balance of Nature engages in continuous and systematic business activities within the State of Florida.

Venue is proper in this District pursuant to 28 U.S.C. §1391. Specifically, as provided by 28 U.S.C. §1391(c), Defendant is a corporation that is deemed to reside in this District. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

**FACTUAL BACKGROUND**

Balance of Nature makes the following unambiguous "Guarantee" to customers who purchase "Balance of Natures" products:  "We guarantee to provide the highest quality whole food supplements available"; in addition, under a section entitles "Balance of Nature Guarantee", Defendants unequivocally repeat his "Guarantee" stating: "We guarantee to provide the highest quality whole food supplements available[.]"

These statements - "explicitly stated" by Defendant - are an unambiguous guarantee to provide the highest quality supplements available which at a minimum would mean not manufacturing, selling or distributing Adulterated Products which violate federal law and should never have been introduced into the stream of commerce.

However, according to a Complaint filed by the Food and Drug Administration which resulted in a Consent Decree, Defendant not only does not provide "the highest quality whole food supplements available," Defendant was selling and distributing "Adulterated Dietary Supplements" - the very same supplements that Arpaia and the Class purchased – to the public through its website BalanceofNature.com.

According to the FDA, FDA investigators "established that the dietary supplements Defendants distribute are adulterated within the meaning of 21 U.S.C. § 342(g)(1), in that they are prepared, packed, and/or held in a manner that does not conform to Dietary Supplement CGMP."   In addition, the FDA noted that the Defendant had "significant deviations from Dietary Supplement CGMP" which rendered their dietary supplements adulterated.

The FDA also stated that "Defendants primarily sell their products through their website, www.balanceofnature.com. Defendants distribute approximately 85% of their finished product to customers out of state, including Florida, where Arpaia lives. Such shipments constitute the introduction or delivery for introduction into interstate commerce, of adulterated dietary supplements[.]"

The FDA also stated that "Defendants have a long history of failing to comply with the Act. FDA has documented a pattern of continued violative conduct during multiple inspections of Defendants' Establishment and have repeatedly warned Defendants" against "such conduct." See Id.

As a result of the Defendant's conduct, the FDA filed a complaint against the Defendant for selling adulterated dietary supplements, and the Court granted the FDA request for a permanent injunction to stop the Defendant from distributing the adulterated dietary supplements.

On November 15, 2023, Defendant and the company that manufactures the adulterated products for Defendant were both permanently enjoined from selling any more products until certain conditions were met so that the Defendant was no longer improperly selling adulterated dietary supplements, including adulterated versions of Fruits and Veggies. In addition, Defendant and its manufacturer agreed to recall all dietary supplements, even those in transit to customers.

However, Defendant did not recall or stop selling the Adulterated Products to consumers.

Arpaia and members of the class were bombarded with advertisements from Defendant to purchase the Balance of Nature Adulterated Products. On November 27, 2023, Arpaia set up an account at BalaneofNature.com and purchased one bottle each of "Fruits" and "Veggies."

Arpaia's receipt from Balance of Nature contained the following two statements – which are stored in the BalanceofNature.com account of Arpaia:

- "We guarantee to provide the highest quality whole food supplements available."
- In addition, under a section entitled "Balance of Nature Guarantee", Defendants unequivocaly repeats this "guarantee" stating: "We guarantee to provide the highest quality whole food supplements available[.]"

Arpaia did not expect to receive from Defendant Adulterated Products.

Arpaia could tell these were "adulterated products" by the manufactured by date on each bottle. The "Fruits" bottle had a manufacture date of "10/18/2023" and the "Veggies" bottle had a manufacture date of "11/20/2023."

8

As relevant to this action, those two dates were before the date the FDA had approved of Balance of Nature's resumption of manufacturing and sales of the Adulterated Products.

This clearly demonstrates that Defendant did not destroy, recall or otherwise stop selling or distributing Adulterated Products.

Despite Defendant's statements that it would "guarantee to provide the highest quality whole food supplements available," Defendant was selling adulterated products that should have been recalled and destroyed.

Arpaia was injured as a result.

Arpaia paid $94.90 for both bottles of Fruits and Veggies.

**COUNT I – Breach of Contract**

Arpaia hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

Arpaia brings this cause of action on behalf of himself and the Class.

Balance of Nature and all Class Members are or were parties to an Agreement that governs their relationship with Balance of Nature.

The Agreement was drafted by Defendant and is uniform as to every Class Member.

In Section 18 of the Agreement, Balance of Nature expressly agrees that " The Service and all products and services delivered to you through the Service are *(except as expressly stated by us)* provided 'as is' and 'as available' for your use, without any representation, warranties or conditions of any kind, either express or implied, including all implied warranties or conditions of merchantability, merchantable quality, fitness for a particular purpose, durability, title, and non-infringement." (Emphasis added).

Based on statements "explicitly stated" by Defendant, Defendant promised that Arpaia and the Class Members would be buying "the highest quality whole food supplements available."

Thus, pursuant to the Agreement, Defendant represented and promised that it would, *inter alia*, only sell "the highest quality whole food supplements available." This is a material term of the Agreement.

When Defendant sells adulterated products, Defendant ignores its "guarantee to provide the highest quality whole food supplements available."   This constitutes a breach of contract.

Arpaia and the Class performed all conditions, covenants, and promises required to be performed by Arpaia and the Class in accordance with the terms of the Agreement.

As set forth in above, Defendant breached the Agreement by not providing the highest quality whole food supplements available and instead selling adulterated products which should have been destroyed or otherwise not entered into the stream of commerce and been available to Arpaia and the Class.

Defendant's breach is the direct, proximate, and producing cause of damages to Arpaia and the Class.

Because of Defendant's breach of contract alleged herein, Arpaia and the Class should be made whole for all amounts Balance of Nature overcharged them by selling them adulterated products rather than the contracted for "highest quality whole food supplements available."

**CLASS ALLEGATIONS**

Arpaia seeks to recover on behalf of himself and the Class ***all*** amounts Defendant charged for adulterated products that were subject to the Agreement.

Finally, Arpaia seeks an injunction to ensure that the misconduct described above finally ends, without the threat of it reoccurring in the future.

Arpaia brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a proposed class consisting of the following:

> All persons or entities located within the United States who purchased Defendant's Products and received a Product with a manufacture date prior to November 21, 2023 at any time until the day the Court certifies this action as a class action (the "Class").  Excluded from the Class are Evig, and its affiliates, officers, and directors.  Also excluded from the Class are the members of the judiciary and their staff to whom this action is assigned.

Arpaia reserves the right to amend this class definition and, if deemed appropriate, to subdivide the Class into subclasses.

The members of the Class are so numerous that joinder of all members is impracticable. Arpaia believes that hundreds of thousands of people geographically dispersed throughout the United States have been damaged by Defendant's misconduct. The names and addresses of the members of the Class are identifiable through documents maintained by Defendant. Members of the Class may be notified of the pendency of this action by published, mailed, and/or electronic notice.

Arpaia's claims are typical of the claims of all Class members, as all Class members are similarly affected by Defendant's uniform wrongful conduct and their claims are based on such conduct. Further, Arpaia's claims are typical of the claims of all Class members because his claims arise from the same underlying facts and are based on the same factual and legal theories as the claims of all Class members. Arpaia is no different in any relevant respect from any other member of the Class.

Arpaia and his counsel will fairly and adequately protect the interests of the members of the Class. Arpaia's interests do not conflict with the interests of the Class he seeks to represent. Arpaia has retained counsel competent and experienced in class and complex litigation. Arpaia and his counsel will prosecute this action vigorously.

Class certification is warranted because common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual Class members. The questions of law and fact common to the Class include, without limitation:

- Whether Defendant's Agreement with Class members expressly requires Defendant (i) guarantee to provide the highest quality whole food supplements available, and (ii) to apply rigorous "advanced" scientific processes to all dietary supplements sold by Defendant.
- Whether, through the acts, omissions, and conduct alleged above, Balance of Nature violated its express obligations to Class members.
- Whether Arpaia and the Class have been damaged by the wrongs alleged herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded.
- Whether Defendant should be enjoined from engaging in the misconduct and unlawful practices alleged above.

A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum.  The conduct of the action as a class action conserves resources of the parties and of the judicial system, and protects the rights of the Class members.  Furthermore, for many, if not most Class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.  There will be no difficulty in the management of this action as a class action.

**JURY DEMAND**

Arpaia demands a trial by jury as to all issues so triable.

**PRAYER**

FOR THE FOREGOING REASONS, Arpaia, individually and on behalf of the Class, respectfully requests that the Court certify this action as a class action, with Arpaia as class representative and the undersigned counsel as class counsel, and enter an order of judgment against Balance of Nature in favor of the Class that, *inter alia*:

- a) declares that Balance of Nature has breached its contractual obligations to Class members;
- b) awards actual damages to Class members to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Balance of Nature's breaches and unlawful conduct;
- c) awards pre-judgment and post-judgment interest at the maximum allowable rates;
- d) awards reasonable attorneys' fees and costs;
- e) temporarily and permanently enjoins Balance of Nature from engaging in the unlawful practices alleged herein; and

  f) orders any such other and further relief as the Court deems just and proper to correct the wrongs done unto the Class.

Dated: December 22, 2023    Respectfully submitted,

    The Law Office of Stephen Barker
    901-A Clint Moore Road
    Boca Raton, FL 33487
    561-886-8352
    slb@stephenbarkerlaw.com

    BY: /s/ *Stephen L. Barker*
    STEPHEN L. BARKER, ESQ.
    Florida Bar No: 55357

## CERTIFICATE OF SERVICE

I hereby certify that on December, 22, 2023September 9, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December, 22, 2023.

      /s/ *Stephen Barker*